UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TESTA FAMILY ENTERPRISES, LTD., LLC ) <br> d/b/a ROYAL ARMS APARTMENTS ) <br> c/o AMERICO TESTA, REGISTERED AGENT ) <br> 6442 PECK ROAD ) <br> RAVENNA, OH 44266 ) <br> ) <br> and ) <br> ) <br> CHRISTINE TESTA ) <br> 18 LA SALLE COURT, SE ) <br> NORTH CANTON, OH 44709, ) <br> ) <br> Defendants. ) | Case No. <br><br><br><br> **COMPLAINT** |

## JURISDICTION AND VENUE

1.     This action is brought by the United States to enforce the provisions of the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3631. It is brought on behalf of Megan Wenk and her minor children, and the Fair Housing Advocates Association (collectively, "Complainants").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 3612(o) and 3614(a).

3. Venue is proper in the Northern District of Ohio under 28 U.S.C. § 1391(b) and 42 U.S.C. § 3612(o), in that the events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff is the United States of America. The United States brings this action on behalf of the complainants as follows:

a. Complainant Megan Wenk ("Wenk") is a resident of the Northern District of Ohio. She has two minor children who, at the time relevant to this matter, were ten months old and four years old. Wenk and her minor children are "aggrieved persons" as defined by the Fair Housing Act, 42 U.S.C. § 3602(I).

b. Complainant The Fair Housing Advocates Association ("FHAA") is an Ohio non-profit corporation, with its principal place of business at 520 South Main Street, Akron, Ohio. FHAA is an "aggrieved person" as defined by the Fair Housing Act, 42 U.S.C. § 3602(I).

5. At all times relevant to the complaint, Defendant Testa Family Enterprises ("TFE") was the owner of a 26-unit apartment building known as Royal Arms Apartments ("Royal Arms"), located at 145 Van Buren Street, Ravenna, Ohio. Royal Arms is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

6. At all times relevant to the complaint, Defendant Christine Testa ("Testa") was the manager of the Royal Arms Apartments.

## FACTUAL ALLEGATIONS

7. In July 2009, Wenk was looking for an apartment to rent. She wished to find new housing because her current home was overcrowded and was infested with black mold. On July 23, 2009, Wenk responded to a newspaper advertisement listing a two-bedroom unit available at Royal Arms. Wenk called the telephone number in the advertisement and spoke to Testa.

8. Testa asked Wenk whether she had children, and how old they were. When Wenk told her she had a ten-month-old and a four-year-old, Testa informed Wenk that Royal Arms did not rent to people with small children.

9. After Defendant Testa refused to show Wenk the available unit at Royal Arms, it took Wenk approximately three months to find housing, during which she and her children were forced to remain in crowded and unhealthy housing. The apartment she found was in a less safe and less convenient neighborhood than Royal Arms.

10. On July 23, 2009, Wenk contacted FHAA to report her interaction with Testa. As a result of this report, FHAA developed and conducted testing to determine whether the Defendants discriminated against potential renters based on familial status.

11. During a test conducted by FHAA on July 24, 2009, a tester posing as a man with children ages six and eight, spoke to Defendant Testa about renting an apartment at the Royal Arms Apartments. She told him that a parent with children of those ages was an acceptable tenant, but that she would not rent to persons with younger children because she felt the property was not "conducive" for them due to the design of the building.

12. During a second test conducted by FHAA on July 24, 2009, Defendant Testa made comments to the tester posing as a father of children ages two and three meant to

3

discourage him from renting her property. Among other comments, Defendant Testa said that the children would be "a problem" and that she had "no young children" living at the Royal Arms Apartments. She told him she could not show him the available apartment.

13. During a third test conducted by FHAA on July 24, 2009, Defendant Testa made comments to the tester posing as a father of children ages ten months and two years meant to discourage him from renting her property. She told him she could not show him the available apartment, because the property was not "conducive" to children under 12, because of open walkways with wrought iron railings.

14. During an investigation conducted by HUD, Defendants acknowledged that it was their practice not to rent units above the ground level to families with young children.

15. Defendant Testa admitted that she had had conversations with parents of young children in which she "always communicated" safety concerns about the building, and that after these conversations, these potential tenants often changed their minds about renting at Royal Arms. She stated that it was "more likely than not" that she did not express safety concerns to potential tenants without children.

16. Defendant Testa admitted that she had refused to rent an above-ground apartment to another woman who had a five-year-old child, and forced this woman to wait until a ground-floor unit became available.

17. On or about August 24, 2009, FHAA and Wenk filed complaints of discrimination (HUD Form 903) with the Department of Housing and Urban Development (HUD) alleging that the Defendants had discriminated on the basis of familial status in violation of the Fair Housing Act, as amended, 42 U.S.C. § 3601, *et seq.*

18. Pursuant to the requirements of 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report. Based on the information gathered in this investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Defendants had committed illegal discriminatory housing practices in connection with the subject property. Therefore, on August 19, 2010, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging that the Defendant had engaged in discriminatory practices, in violation of the Fair Housing Act.

19. On September 9, 2010, complainant FHAA timely elected to have the charge resolved in a federal civil action, pursuant to 42 U.S.C. § 3612(a).

20. The Secretary subsequently authorized the Attorney General to file this action on behalf of the Complainants, pursuant to 42 U.S.C. § 3612(o).

## COUNT I
### (Discrimination on the Basis of Familial Status)

21. By the actions and statements set forth above, Defendants have:

   a. Refused to negotiate for the rental of, or otherwise made unavailable or denied dwellings to persons because of familial status, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a); and

   b. Discriminated against persons in the terms, conditions, or privileges of rental of dwellings because of familial status, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

      c.      Made statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c).

22.     As a result of the conduct or actions of the Defendants, Complainants FHAA and Wenk and her minor children have suffered damages and are aggrieved persons within the meaning of 42 U.S.C. § 3602(I).

23.     The Defendants' discriminatory actions and statements as set forth above were intentional, willful, and taken in disregard for the rights of Complainants.

## COUNT II
### (Pattern or Practice of Discrimination)

24.     The Defendants' discrimination on the basis of familial status, as described above, constitutes:

      a.      A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, in violation of 42 U.S.C. § 3614(a); and/or

      b.      A denial to a group of persons of rights granted by the Fair Housing Act, which raises an issue of general public importance, in violation of 42 U.S.C. § 3614(a).

25.     In addition to Complainants, there may be other victims of Defendants' discriminatory actions and practices who are "aggrieved persons" as defined in 42 U.S.C. § 3602(I). These persons may have suffered damages as a result of Defendants' discriminatory conduct.

26.     Defendants' actions and statements described in the preceding paragraphs were intentional, willful, and taken in disregard for the rights of others.

## **REQUEST FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an order that:

A. Declares that Defendants' discriminatory policies and practices, as set forth above, violate the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*;

B. Enjoins Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from discriminating on the basis of familial status, in violation of the Fair Housing Act;

C. Awards monetary damages to Megan Wenk and her two minor children and the Fair Housing Advocates Association, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3614(d)(1)(B), and each other person injured by Defendants' conduct, pursuant to 42 U.S.C. § 3614(d)(1)(B);

D. Assesses civil penalties against Defendants in the amounts authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Respectfully submitted,

_____
THOMAS E. PEREZ
Assistant Attorney General
STEVEN H. ROSENBAUM
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice

_____
STEVEN M. DETTELBACH
UNITED STATES ATTORNEY

s/Michelle L. Heyer
Michelle L. Heyer (0065723)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH 44113
216-622-3686
FAX 216-522-2404
michelle.heyer@usdoj.gov

Attorneys for the United States of America