UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:10-cv-02319 |
| | ) | |
| TESTA FAMILY ENTERPRISES, LTD., LLC | ) | |
| d/b/a ROYAL ARMS APARTMENTS | ) | |
| c/o AMERICO TESTA, REGISTERED AGENT | ) | |
| 6442 PECK ROAD | ) | |
| RAVENNA, OH 44266 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISTINE TESTA | ) | |
| 18 LASALLE COURT, SE | ) | |
| NORTH CLINTON OHIO 444709, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT ORDER

### A. Factual/Procedural Background

1.      The United States initiated this action to enforce the provisions of the Fair Housing Act, 42

U.S.C. § 3601, et seq. The United States alleges that Defendants Testa Family Enterprises, Ltd.

And Christine Testa ("Defendants") have unlawfully discriminated on the basis of familial status in

the rental and/or negotiation for rental of dwellings.

2.      Specifically, the United States alleges that the Defendants have engaged in housing

practices that discriminate on the basis of familial status by:

     a.      Refusing to show or rent units to families with young children; and

Page 1 of 7

      b.        Restricting families with young children to units located on the first floor.

3.       The United States alleges that, through this conduct, the Defendants have:

      a. Violated   42 U.S.C. § 3604(a) by refusing to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to a person because of familial status;

      b. Violated 42 U.S.C. § 3604(b) by discriminating against parents and their children in the terms, conditions, or privileges of rental of a dwelling because of familial status;

      c. Violated 42 U.S.C. § 3604(c) by making statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination; and

      d. Engaged in a pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, and/or denied fair housing rights to a group of persons, raising an issue of general public importance.

4.       The parties have voluntarily agreed to the entry of this Consent Order in connection with the settlement of this lawsuit, as indicated by the signatures below. This Consent Order shall not be deemed an admission of wrongdoing or liability by the Defendants.

**Therefore, it is ORDERED that:**

**B. Injunction**

5.       Defendants, their agents, employees, successors, and all persons in active concert or participation with them, are hereby enjoined from:

      a. Restricting families with children of any age from occupying any rental units;

      b. Refusing to negotiate for the rental of, or otherwise making unavailable or denying, dwellings to persons because of familial status;

Page 2 of 7

c. Discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of familial status; and

d. making statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination.

### C. Notification to Public of Nondiscrimination Policies

6.     Within ten (10) days after the date of entry of this Consent Order, Defendants shall take the following steps to notify the public of their nondiscriminatory policies:

a. Pursuant to 24 C.F.R. Part 110, post and prominently display at any place of business where defendants conduct rental activity and/or have personal contact with applicants for rental of their property, a Fair Housing Poster.

b. Include the words "Equal Housing Opportunity" or the fair housing logo in any advertising conducted by Defendants in newspapers, telephone directories, radio, television or other media, and on all billboards, signs, pamphlets, brochures and other promotional literature. The words or logo should be prominently placed and easily legible.

### D. Mandatory Training

7.     Within 60 days of the entry of this Consent Order, defendant Christine Testa and any current employees of Defendants who are engaged in the rental of apartments shall undergo in-person training on the Fair Housing Act, with specific emphasis on discrimination on the basis of familial status. The training shall be conducted by an independent, qualified third party, approved in advance by the United States, and any expenses associated with this training shall be borne by Defendants. The Defendants shall obtain from the trainer and provide to counsel for the

United States[1] within 10 days of the completion of the training certifications of attendance, executed by each individual who received the training, confirming his/her attendance.   This confirmation shall include the name of the course, the date the course was taken, and the length of the course.

### E. Reporting Requirements

8.      During the period in which this Order is in effect, Defendants shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written or oral complaint against Defendants or Defendants' employees regarding familial status discrimination in housing. If the complaint is written, Defendants shall provide a copy of the written complaint with the notification. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number, if known.   Defendants shall also promptly provide the United States all information it may request concerning any such complaint and shall inform the United States within fifteen (15) days of any resolution of such complaint.

### F. Compensation of Aggrieved Persons

9.      Within 30 days after entry of this Consent Order, Defendants shall pay thirty-three thousand and three hundred and fifty dollars ($33,350) to Megan Wenk and her minor children and sixteen thousand and six hundred and fifty dollars ($16,650) to Fair Housing Advocates Association.

### G. Civil Penalty

10.      Within 30 days after entry of this Consent Order, Defendants shall pay ten thousand dollars

---

[1] All documents or other communications required by this Order to be sent to counsel for the United States shall be addressed as follows: Michelle Heyer, Assistant United States Attorney, U.S. Courthouse, 801 West Superior Avenue, Suite 400, Cleveland, OH 44113.

($10,000) to the United States as a civil penalty, pursuant to 42 U.S.C. § 3614(d)(1)(C). Defendants shall deliver this payment to counsel for the United States in the form of a cashier's check payable to the "United States Department of Justice."

### H. Scope and Duration of Consent Order

11.     The provisions of this Consent Order shall apply to Defendants, their employees, agents, successors, and all persons acting in active concert or participation with them.

12.     This Consent Order is effective immediately upon its entry by the Court and shall remain in effect for three years.

13.     The Court shall retain jurisdiction for the duration of this Order to enforce the terms of the Order, after which time the case shall be dismissed with prejudice.

14.     All parties shall be responsible for their own attorney's fees and court costs, except as provided for in Section H below.

### I. Remedies for Non-Compliance, Time for Performance, and Modifications

15.     The United States may move the Court to extend the period in which this Order is in effect if Defendants materially violate one or more terms of the Order.

16.     Any time limits for performance imposed by this Order may be extended by mutual written agreement of the parties.

17.     The parties to this Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. In the event the United States contends there has been a failure by Defendants to perform in a timely manner any act required by this Order or otherwise to comply with any provision thereof, the United States may move this Court to impose any

remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and attorney's fees which may been occasioned by Defendants' violation or failure to perform.

18.     The parties agree that in the event that Defendants engage in any future violation of the Fair Housing Act, such violation shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d).


IT IS SO ORDERED.


  s/David D. Dowd, Jr.
_____
United States District Judge


  June 8, 2011
_____
Date

By their signatures below, the parties consent to the entry of this consent order:

For the United States:

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY

Michelle L. Heyer (0065723)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
216-622-3686 Ph / 216-522-2404 Fax
michelle.heyer@usdoj.gov

THOMAS E. PEREZ
Assistant Attorney General

STEVEN H. ROSENBAUM
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys= Fair Housing
Program
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
(202) 514-6164
Elizabeth.Singer@usdoj.gov

For the Defendants:

CHRISTINE TESTA

TESTA FAMILY ENTERPRISES

by: _____manager_____

CRAIG CHESSLER (0016077)
Attorney at Law
116 Cleveland Avenue NW, Suite 803
Canton, OH 44702
(330) 453-4123
schessler@neo.rr.com
Attorney for Defendants

Kendall M. Traub (00070900)
Pelini Campbell Williams & Traub, LLC
8040 Cleveland Avenue NW, Suite 400
North Canton, Ohio 44720
(330) 305-6400
rmtraub@pelini-law.com
Attorney for Defendants